# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

Charles R. Fulbruge III
Clerk

No. 09-30259
Summary Calendar

RICKY VEALS,

Plaintiff-Appellant

v.

NAUTICAL ADVENTURES, LLC; PRIDE OFFSHORE INC.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-3776

Before HIGGINBOTHAM, CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricky Veals filed suit for personal injuries sustained during his transport from an offshore oil rig to a nearby vessel. Following Veals's presentation of evidence at trial, the district court granted the defendants' Rule 50(a) motion for judgment as a matter of law. We AFFIRM.

Veals's claims stem from an accident on the M/V C-HERO, a vessel owned and operated by defendant Nautical Ventures, LLC. At the time of the incident,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Veals was an employee of Sperry Sun/KBR, working as a sample catcher on an offshore oil rig. After an altercation with a supervisor, Veals was ordered off the rig. In order to reach the shore, Veals first had to be transferred in a personnel basket from the rig to the M/V C-HERO. The crane used for personnel basket transport was operated by defendant Pride Offshore, Inc. Veals allegedly informed a Pride employee that he had never ridden a personnel basket before, and did not receive any instruction on the proper way to exit it.

Veals boarded the basket, which according to his own testimony at trial, landed flat on the deck of the M/V C-HERO. The sea was calm, there was no wind, and the weather was clear. Stepping off, Veals placed both feet on the ship. He then fell backwards, sustaining personal injuries.

Veals brought suit against Nautical Ventures, which was the owner and operator of the vessel, and against Pride, the operator of the personnel basket. At the jury trial, Veals testified that Pride failed to follow its own procedures that required employees to instruct first-time riders on the appropriate methods for getting on and off. There was no evidence of negligent maintenance or operation other than the absence of instructions to a first-time rider.

After Veals presented his case, defendants moved for judgment as a matter of law. The judge granted the motion, finding no evidence that negligence by either defendant caused the fall and injury. On appeal, Veals does not make any argument concerning possible error in granting judgment to the vessel owner. Thus, the only question we must answer is whether there was error in the judgment in favor of the operator of the personnel basket.

We review a grant of judgment as a matter of law pursuant to Rule 50 *de novo*, applying the same standard used in the district court. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 178 (5th Cir. 1999). In a jury trial, judgment as a matter of law is appropriate where a party has been fully heard on an issue, and facts and inferences point so strongly in favor of one party that

reasonable jurors could not arrive at a contrary verdict. *Wallace v. Methodist. Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). A mere scintilla of evidence is insufficient to present a question for the jury. *Id.*

Here, Veals alleged injury under two separate statutes. First, he sought relief under Louisiana tort law. That law operates as surrogate federal law pursuant to the Outer Continental Shelf Lands Act ("OCSLA"). 43 U.S.C. § 1331, et seq. No issue is raised here as to whether OCSLA applies, and thus we accept that it does and that it borrows Louisiana tort law for this case.

The Louisiana Civil Code provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE ANN. art. 2315 (1999). Louisiana courts have interpreted this section to require proof of the basic elements of negligence. Namely, a plaintiff must prove: (1) defendant had a duty to conform his conduct to a specific standard; (2) defendant's conduct failed to conform to the appropriate standard; (3) defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Perkins v. Entergy Corp.*, 782 So. 2d 606, 611 (La. 2001). Failure to prove even one of these elements precludes recovery. *Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318 (La. 1994).

The district court expressly assumed that Veals's factual allegations were true. Specifically, the court accepted that Pride failed to give instructions to Veals on the procedures for exiting the basket. The causation inquiry is whether, but for the defendants' substandard conduct, the accident would not have occurred. *Perkins*, 782 So. 2d at 611. Veals did not allege that the instructions he should have received would have prevented the type of injury he suffered. He presented evidence that Pride typically instructed riders to bend their knees when the basket landed, but he did not testify that Pride recommended procedures applying to stepping off the basket onto the deck of a

3

vessel. Although he claimed that the boat was rocking when he first landed, Veals did not present evidence that the boat operator acted negligently, that the crane malfunctioned, or that the weather was inclement. Indeed, undisputed evidence showed that the weather was calm and the wind was not blowing. Veals admitted that he did not know how his fall occurred.

On appeal, Veals complains that the trial judge made credibility determinations, weighed evidence, and did not draw all reasonable inferences in his favor. We disagree. Although the trial judge recounted some of the testimony in the oral ruling on the Rule 50(a) motion, he expressly assumed that Veals had not been properly warned. The absence of a warning was the only issue in dispute. There simply was no evidence as to why Veals fell and therefore nothing on which jurors could rely in assigning fault to the personnel basket operator. Absent evidence that a proper warning could have prevented the injury Veals suffered, he failed to make out a prima facie case for negligence.

Veals also sought relief pursuant to Section 905(b) of the Longshore and Harbor Workers' Compensation Act. 33 U.S.C. § 905(b). The only reference to the statute is in a jurisdictional statement at the beginning of Veals's brief. Not having made any argument regarding the Act, Veals abandoned the issue. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

No reasonable juror could find that Veals proved a causal relationship between his injuries and the defendants' alleged conduct. We AFFIRM.